UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20258-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

PAZ GONZALEZ LEON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE came before the undersigned by Order of Reference from United States District Judge Darrin P. Gayles and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by Defendant Paz Gonzalez Leon ("Leon"). Pursuant to such reference the undersigned conducted a change of plea hearing on July 30, 2018, which was attended by Leon, her attorney, Louis Martinez, and Michael E. Gilfarb, Assistant United States Attorney. The undersigned hereby advises as follows:

1. At the commencement of the change of plea proceedings, the undersigned advised Leon that she had a right to have these proceedings conducted by the United States District Judge assigned to this case. Leon was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge. The undersigned confirmed that Leon, her attorney, and the Assistant United States Attorney to whom this cause is assigned, consented to the undersigned conducting these proceedings. The undersigned advised Leon that the sentence will be imposed by the District Judge, who will make all findings and rulings regarding such sentence and will conduct a sentencing hearing at a time to be scheduled by the District Judge.

2. The undersigned then conducted a plea colloquy with Leon consistent with the outline set forth in the Bench Book for U.S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

3. The undersigned advised Leon of the sentence possibilities as to the charge set forth in the Indictment to which she was tendering a guilty plea, as well as the possible fine and term of supervised release. Leon was advised that Count 1 of the Indictment to which she was pleading guilty carries a maximum term of imprisonment of 20 years, followed by a term of supervised release of up to 3 years. Additionally, the District Judge may impose a fine of up to $7,753,700.00, and there is a mandatory special assessment of $100.00. Leon was also advised that the Court may order forfeiture and restitution.

4. Leon acknowledged that she was fully satisfied with the services of her attorney and that she had a full opportunity to discuss all facets of her case with her attorney, which she acknowledged that she understood.

5. Leon pled guilty to Count 1 of the Indictment, namely, conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349. The government agreed to dismiss all remaining counts against Leon after sentencing.

6. The government submitted a factual proffer for the guilty plea which consisted of all of the essential elements of the offense to which Leon pled guilty.

7. Leon was informed that a Pre-Sentence Investigation Report will be ordered by the District Judge. Leon will remain on bond pending imposition of sentence. The sentencing hearing will be conducted by the District Judge at a time to be scheduled by the District Judge.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this Cause, the undersigned hereby

RECOMMENDS that Leon be found to have freely and voluntarily entered her guilty plea to the offense charged in Count 1 of the Indictment, that her guilty plea be accepted, that she be adjudicated guilty of such offense, and that a sentencing hearing as scheduled by the District Judge be conducted for a final disposition of this Cause.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 30th day of July, 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
     Counsel of Record